IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JIMMY CARTER,<br><br>                    Plaintiff<br>VS.<br><br>WENDY SQUIRES, *et al.*,<br><br>                    Defendants | NO. 5:06-CV-333 (CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

Plaintiff JIMMY CARTER has filed suit against the defendants alleging that the medical treatment Carter received while he was incarcerated at Rivers State Prison ("RSP") was so deficient that it violated Carter's Eighth Amendment right to be free of cruel and unusual punishment. The defendants have filed a motion seeking summary judgment against plaintiff Carter (Tab #26), and Carter has responded to the defendants' motion. Tab #33.

**SUMMARY JUDGMENT STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot rest on his pleadings</u> to present an issue of fact but <u>must make a response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir.1984).

## DISCUSSION
Hepatitis C

Plaintiff Carter was diagnosed with hepatitis C before he was admitted to RSP, and he alleges that the treatment he received for this disease while incarcerated at RSP was constitutionally inadequate. Carter has provided no *medical* evidence in support of his claims regarding insufficient treatment for hepatitis, and in fact, the only evidence that could be favorable to Carter at all on this matter is his own deposition which (obviously) is not medical evidence. The defendants, meanwhile, have provided evidence in the form of Carter's medical records and the affidavit of Barry M. Henderson, M.D., which demonstrate that the care Carter received for his hepatitis C was sufficient:

Plaintiff's hepatitis C was consistently monitored while he was incarcerated at RSP, and the disease remained stable. Over the course of time he was at RSP, Carter was informed numerous times about the treatments that exist for hepatitis C and the risks associated with such treatments. At no time while he was incarcerated at RSP did Carter meet criteria that made him a proper candidate for aggressive treatment for his hepatitis. Because it has been established that he was not an appropriate candidate for aggressive treatment, the undersigned finds that the medical staff did all that was necessary by monitoring his condition. Accordingly, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment be GRANTED with respect to all claims regarding plaintiff Carter's hepatitis C treatment.

## Eyeglasses

In plaintiff Carter's second claim of deliberate indifference, he alleges that the prison staff failed to provide him with eyeglasses after his two sets of glasses were stolen and damaged respectively. Taking the facts in the light most favorable to Carter, the court will assume that Carter's vision was 20/80, that the Standard Operating Procedures in place at RSP while Carter was incarcerated there call for inmates whose eyesight is worse that 20/40 be afforded corrective glasses, and that as a result of his not receiving glasses, Carter suffered from headaches and dizziness.

Even taking all of that evidence in favor of plaintiff Carter, the injuries he complains of are *de minimis*, and more than *de minimis* injury is necessary in order for an inmate to recover pursuant to the Eighth Amendment. ***Boxer X v. Harris***, 437 F.3d 1107 (11th Cir. 2006). Moreover, any argument claiming that an administrator's not providing someone with corrective lenses violates contemporary standards of decency is not compelling.

In addition, the court notes that the defendants have asserted the defense of qualified immunity which shields government actors acting in their official duties from suit unless they violate clearly established federal law. The plaintiff has not cited, and the undersigned has not located, any case coming from this circuit in which denial of corrective glasses has been found to be cruel and unusual punishment. Accordingly, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment be GRANTED with respect to all claims regarding the plaintiff's denial of proper eyeglasses.

## General Medical Care

Plaintiff Carter's final claim discusses the general medical care at RSP, particularly with respect to how often he was permitted to see doctors for his various ailments and as to one specific incident in which Carter alleges that he "blacked out and ended up on the floor in pain" and "no medical personnel ever came to examine" him, even though he was on the floor for over an hour.

Plaintiff Carter fails to set forth an actionable claim under §1983 on either of these claims. While delay or denial of treatment can represent an Eighth Amendment violation, "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994) (abrogated on other grounds by *Hope v. Pelzer*, 536 U.S. 730 (2002)). Plaintiff Carter has failed to provide any such evidence. Accordingly, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment (Tab #26) be **GRANTED** with respect to all other claims of denial of medical treatment.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 21st day of DECEMBER, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE